UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN LEE RICHES,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-07-CA-863-RF (NN) |
| **TIM DUNCAN and TONY PARKER,** | § | |
| | § | |
| Defendants | § | |

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Jonathan Lee Riches' civil complaint, which is not accompanied by the filing fee or an application for leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915. Plaintiff Riches is a prisoner at the Federal Correctional Institute in Williamsburg, South Carolina.

Since January 2006, Plaintiff Riches has filed at least 126 civil lawsuits in federal district courts in at least thirty-nine different districts throughout the United States. In the current month of October 2007, Plaintiff Riches has filed approximately sixty-two civil complaints. Some of Plaintiff Riches' complaints have been dismissed because he would not pay the filing fee or submit an application to proceed in forma pauperis, or because he would not pay the filing fee when denied leave to proceed IFP, or because he would not pay the initial partial payment when granted leave to

proceed in forma pauperis.[1] Others have been dismissed because the complaints were frivolous and the allegations were baseless, fantastic, and delusional.[2]

One court characterized Plaintiff Riches as "a charlatan who apparently simply has nothing else to do but draft spurious suits to file in federal court."[3] That court further observed, "While most courts appreciate a good joke, there is nothing funny about his suits, which are intended to garner publicity and nothing else."[4]

---

[1] *See, e.g., Riches v. Vick*, No. 3:07cv434 (E.D. Va., order of October 12, 2007); *Riches v. "Brady v. Maryland"*, No. 8:07cv2666 (D. Md., order of October 9, 2007); *Riches v. Williams*, No. 7:07cv427 (W.D. Va., order of September 12, 2007); *Riches v. Federal Judicial System*, No. 2:07cv124 (D. Me., order of August 28, 2007); *Riches v. Vick*, No. 1:07cv1858 (N.D. Ga., order of August 16, 2007); *Riches v. Defcon*, No. 2:06cv293 (D. Nev., order of May 7, 2007); *Riches v. Federal Reserve Bank*, No. 1:06cv10499 (D. Mass., order of June 15, 2006); *Riches v. United States Military*, No. 2:06cv81 (D. Wyo., order of May 18, 2006); *Riches v. Uniform Commercial Code*, No. 3:06cv1428 (N.D. Cal., order of May 30, 2006); *Rich v. United Airlines, Inc.*, No. 1:06cv978 (N.D. Ill., order of April 19, 2006).

[2] *See, e.g.*, *Riches v. Simpson*, No. 2:07cv1282 (D. Nev., order of October 17, 2007); *Riches v. Trump*, No. 3:07cv478 (D. Nev., order of October 16, 2007); *Riches v. Noriega*, No. 2:07cv619 (M.D. Fla., order of October 15, 2007); *Riches v. Belichick*, No. 1:07cv11817 (D. Mass., order of October 10, 2007); *Riches v. Craig*, No. 1:07cv538 (D. Del., order of October 5, 2007); *Riches v. Jena 6*, No. 1:07cv1656 (W.D. La., order of October 4, 2007); *Riches v. Wal-Mart Stores, Inc.*, No. 4:07cv780 (E.D. Ark., order of October 2, 2007); *Riches v. Shiavo*, No. 8:07cv1730 (M.D. Fla., order of September 26, 2007); *Riches v. Simpson*, No. 6:07cv1504 (M.D. Fla., order of September 24, 2007); *Riches v. Snipes*, No. 5:07cv376 (M.D. Fla., order of September 21, 2007); *Riches v. Gordan*, No. 3:07cv384 (W.D. N.C., order of September 20, 2007); *Riches v. Sheehan*, No. 3:07cv3695 (N.D. Cal., order of August 20, 2007); *Riches v. Bonds*, No. 3:07cv375 (N.D. Ind., order of August 16, 2007); *Riches v. Swartz*, No. 7:07cv379 (W.D. Va., order of August 13, 2007); *Riches v. Guantanamo Bay*, No. 2:07cv13041 (E.D. Mich., order of August 8, 2007); *Riches v. Doe*, No. 1:07cv20042 (S.D. Fla., order of January 24, 2007); *Riches v. Bush*, No. 4:06cv442 (D. S.C., order of March 22, 2006).

[3] *Riches v. Jena 6*, No. 1:07cv1656, order of October 4, 2007, at p. 1 (W.D. La.).

[4] *Id*.

Another court observed:

> It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.[5]

As a result of Plaintiff Riches' penchant for bringing lawsuits, some courts refuse Plaintiff Riches' civil complaints that are not accompanied by the filing fee.[6] One court granted Plaintiff Riches leave to proceed IFP, waived the initial partial filing fee, and ordered the facility having custody of him to automatically remit to the clerk of the court twenty percent of the money Plaintiff Riches receives for each month during which he receives $10 or more, until the filing fee is paid.[7] Another court barred Plaintiff Riches from making any further filings in that court and instructed the clerk of that court to discard anything received from Plaintiff Riches.[8]

In the present case, this Court, for now, will require Plaintiff Riches to pay the filing fee, since he is not eligible to proceed IFP. Section 1915(g) provides a prisoner cannot proceed as a pauper if, on three or more occasions, while incarcerated or detained in any facility, the prisoner brought an action or appeal in federal court that was dismissed on the grounds it was frivolous, malicious or failed to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. Because three or more of Plaintiff Riches' previous

---

[5] *Riches v. Simpson*, No. 6:07cv1504, order of September 24, 2007, at p. 2 (M.D. Fla.).

[6] *See, e.g.*, *Riches v. Simpson*, No. 6:07cv1504 (M.D. Fla., order of September 24, 2007).

[7] *Riches v. Bonds*, No. 3:007cv375 (N.D. Ind., order of August 15, 2007). The next day, that court dismissed the complaint as frivolous. *Riches v. Bonds*, No. 3:07cv375 (N.D. Ind., order of August 16, 2007).

[8] *Riches v. Jena 6*, No. 1:07cv1656 (W.D. La., order of October 4, 2007).

actions were dismissed as frivolous, Plaintiff is not eligible to proceed IFP in this Court unless he is currently under imminent danger of serious physical injury. The allegations in Plaintiff's complaint are conclusory and fail to demonstrate he was in imminent danger of serIous physical injury at the time he filed the complaint. *See Baños v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). Therefore, Plaintiff is not eligible to proceed IFP, and he must pay the filing fee.

Accordingly, **Plaintiff is DENIED leave to proceed IFP, and Plaintiff shall pay the $350 filing fee to the Clerk of Court within twenty (20) days**. *If Plaintiff fails to do so this case shall be dismissed for failure to prosecute and failure to comply with the orders of this Court. See* Fed. R. Civ. P. 41(b).

**SIGNED on November 8, 2007.**

*[signature]*
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**